# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

BILLY DEWEY MCKINNON,    )
    )
       Plaintiff,    )    Civil Action No. 3:07-3901-JFA-BM
    )
v.    )
    )
SC DEPARTMENT OF HEALTH    )    **REPORT AND RECOMMENDATION**
AND ENVIRONMENTAL    )
CONTROL, MR. QUINTON EPPS, )
MS. RHETA GEDDINGS, MR.    )
EARL HUNTER,    )
    )
       Defendants.    )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq..  The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on January 16, 2008.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 17, 2008, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case.  Plaintiff filed an affidavit on February 6, 2008, and after receiving an extension of time to respond, filed additional affidavits on February 13, 2008, March 17, 2008, and March 20, 2008. Defendants' motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



## Discussion

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." <u>Southmark Prime Plus L.P. v. Falzone</u>, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting <u>Turbe v. Government of Virgin Islands</u>, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). As the Plaintiff is proceeding <u>pro</u> <u>se</u>, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, <u>Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center</u>, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

Plaintiff worked for the South Carolina Department of Health and Environmental Control (DHEC) from June 2, 1994 to August 19, 2005. Plaintiff alleges in his verified Complaint[2]

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by <u>pro</u> <u>se</u> litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set
(continued...)



that DHEC owes him $2,355.00 in back wages. Plaintiff alleges that his supervisor, the Defendant Quinton Epps, refused to pay him for overtime and also defrauded him out of sick leave and annual leave. Plaintiff further alleges that the Defendant Rheta Geddings, DHEC's "Division Director", would write him up for insubordination if he complained about Epps, and that the Defendant Earl Hunter (DHEC Commissioner) knew that Epps was refusing to pay him wages that were rightfully owed and did nothing about it.   Plaintiff seeks payment of $2,355.00, together with interest, attorney's fees and court costs.   See generally, Verified Complaint, with attached Exhibits. Defendants offer several defenses to Plaintiff's claims, and after careful review and consideration of the filings before this Court and the arguments presented, the undersigned is constrained to agree with the Defendants that they are entitled to dismissal of this case.

Defendants do not dispute that, under the provisions of the FLSA, Plaintiff was entitled to overtime compensation if he worked more than forty (40) hours a week.  29 U.S.C. §§ 206(a)(1), 207(a)(1).  If an employee works in excess of forty (40) hours, the employer must pay overtime at a rate one and one half times the employee's regularly hourly rate for those excess hours. 29 U.S.C. § 207(a)(1).  However, Defendants argue, inter alia, that this Court need not reach the merits of Plaintiff's claim, because this claim is barred by the doctrine of res judicata, which holds that a final judgment on the merits of an action precludes parties or their privies from re-litigating issues that were or could have been raised in that prior action.  The undersigned agrees.[3]

---

[2](...continued)
forth in the verified Complaint in issuing a recommendation in this case.

[3]In addition to the defense of res judicata, the Defendants have submitted several other defenses to Plaintiff's claim, including the defenses of Eleventh Amendment immunity, collateral estoppel, and violation of the applicable statute of limitations.  However, as the undersigned has determined that the doctrine of res judicata bars Plaintiff's FLSA claim from being considered by this
(continued...)

3



The record before this Court reflects that, following Plaintiff's termination, he filed a state court action alleging that DHEC had failed to pay him overtime wages in violation of both the FLSA and the South Carolina Payment of Wages Act, S.C.Code Ann. § 41-10-50, et. seq.. See Defendants' Exhibit 5 (McKinnon v. South Carolina Department of Health and Environmental Control, C/A No. 06-CP-40-4285).[4]  The record further reflects that on September 17, 2007, the parties filed a partial voluntary stipulation of dismissal with prejudice, dismissing all claims against the State of South Carolina, as well as all claims asserted under the FLSA. See Defendants' Exhibit 6.  Defendants represent that that case remains pending in state court against DHEC with regard to the South Carolina Payment of Wages Act claim, although Plaintiff contends that the entire State action has now been dismissed.

In any event, dismissal of Plaintiff's state court FLSA claim on the merits precludes Plaintiff from pursing his FLSA claim in federal court.

> Under 28 U.S.C. § 1738, the records or judicial proceedings of a state court "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . . " Section 1738 "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments"; rather, it "commands a federal court to accept the rules chosen by the state from which the judgment is taken." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481-482 (1982).  Further, the state court judgment is not required to follow a trial *de novo* to operate as a bar to subsequent actions; the judicial affirmance of an administrative decision is entitled to preclusive effect under § 1738. Kremer, 456 U.S. at 480 n. 21.  Therefore, this Court must analyze the law of South Carolina to determine whether the prior state court judgment . . . operates as res judicata.

Briggs, 838 F.Supp. at 234.

---

[3](...continued)
Court, the remainder of Defendants' defenses have not been addressed.

[4]"When entertaining a motion to dismiss on the ground of res judicata or collateral estoppel, a court may judicially notice facts from a prior judicial proceeding". Briggs v. Newberry County School District, 838 F.Supp. 232, 233-234 (D.S.C. 1992) aff'd, 989 F.2d 491 (4th Cir. 1993).



The record reflects that Plaintiff filed a previous suit in the South Carolina Court of Common Pleas involving this same subject matter (i.e., the issue of whether DHEC had not paid him for wages and in violation of the FLSA), and that that claim was dismissed with prejudice. In South Carolina, a voluntary dismissal of a cause of action with prejudice constitutes a final judgment on the merits. See Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987) ["[A] voluntary dismissal with prejudice is a valid, final judgment on the merits, see B.J. Moore, J. Lucas & T. Currier, Moore's Federal Practice, ¶ 0.409 [1.-2], at 317 (2d ed. 1984)...."]; Tong v. First Interstate Services Company, No. 93-55910, 1994 WL 461654 (9th Cir. Aug. 25, 1994)[voluntary dismissal with prejudice has the effect of a final judgment on the merits]; Stamm v. United Airlines, Inc., No. 95-1059, 1995 WL 564360 at *3 (4th Cir. Sept. 25, 1999); Confederate Memorial Ass'n, Inc. v. Hines, 995 F.2d 295 (D.C.C. 1993)[usual rule is that dismissal with prejudice operates as an adjudication on merits]; NAACP v. Hunt, 891 F.2d 1555 (11th Cir. 1990)[order which dismissed claims was a final adjudication on the merits for purposes of res judicata purposes even though it was not clear if the court dismissed the claims under Rule 12(b)(6) or Rule 41(b)]. Further, "[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action". Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, n. 5 (1979); Jimmy Martin Realty Group, Inc. v. Fameco Distributors, Inc., 386 S.E. 2d 803, 805 (S.C.Ct.App. 1989). As Plaintiff's prior suit involved the same parties or their privies and was also for a claimed violation of the FLSA, res judicata now bars Plaintiff from re-litigating this claim in this Court.

Additionally, to the extent Plaintiff may argue that the claims he is asserting in this federal lawsuit involve different overtime hours or payments for accrued leave time that were not



addressed in his state court action,[5] this would still not save Plaintiff's federal case from dismissal, as the doctrine of claim preclusion, which is a part of the doctrine of <u>res judicata</u>, provides that a judgment in a prior action forecloses litigation of matters which were or should have been raised in that earlier lawsuit. <u>Briggs</u>, 838 F.Supp. at 233-234. In order for claim preclusion to apply, three elements must be shown: 1) identity of the parties or their privies; 2) identity of the subject matter of the litigation; and 3) a final determination on the merits of the claim in the former proceeding. <u>Pye v. Aycock</u>, 480 S.E. 2d 455, 458 (S.C.Ct. App. 1997); <u>Briggs</u>, 838 F.Supp. at 235; <u>Board of County Rd. Com'rs v. Shultz</u>, 521 N.W.2d 847, 850 (Mich.App. 1994). Here, the Plaintiff has sued DHEC in both his state and federal litigations, he asserts that this Defendant violated the FLSA in both actions, and there was obviously a final determination on the merits in the former proceeding.

Therefore, even assuming Plaintiff would make the argument that the specific events for which he is trying to obtain compensation in this federal action are different[6], <u>res judicata</u> would still apply. <u>Murphy v. Klein Tools</u>, 935 F.2d 1127 (10th Cir. 1991)[dismissal with prejudice by a state court constitutes adjudication on the merits for purposes of claim preclusion in a later federal court action], <u>cert. denied</u>, 502 U.S. 952 (1991); <u>Pittston Co. v. United States</u>, 199 F.3d 694, 704 (4th Cir. 1999) ["[T]he appropriate inquiry to determine whether causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation 'arises out of the same

---

[5]None of the affidavits or other documents Plaintiff has filed in opposition to the Defendants' motion to dismiss directly address Defendants' <u>res judicata</u> argument, or indeed directly address any of the Defendants' arguments for dismissal of this case. In light of Plaintiff's <u>pro se</u> status, however, the undersigned has addressed this potential argument from the pleadings. <u>Falzone</u>, 776 F.Supp. At 890 [On motion to dismiss, court should draw all reasonable factual inferences in favor of the plaintiff]; <u>Cruz</u>, 405 U.S. 319 [Court should liberally construe <u>pro se</u> pleadings to allow for development of a potentially meritorious case].

[6]Which finding would be contrary to Plaintiff's own filings in this case, which include several documents from his state court litigation.



transaction or series of transactions as the claim resolved in the prior judgment'"] (quoting <u>Harnett</u> <u>v. Billman</u>, 800 F.2d 1308, 1313 (4th Cir. 1986); <u>see</u> <u>also</u> <u>Wilkes v. Wyoming Dep't of Employment,</u> <u>Div. of Labor Standards</u>, 314 F.3d 501, 504 (10th Cir. 2003) ["[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes"] (quoting <u>Mitchell v. City of Moore</u>, 218 F.3d 1190, 1202 (10th Cir. 2000), <u>cert. denied</u>, 540 U.S. 826 (2003); <u>Puegot Motors of Am., Inc. v. Eastern Auto Distributors, Inc.</u>, 892 F.2d 355, 359 (4th Cir. 1989) ["[n]ot only does <u>res</u> <u>judicata</u> bar claims that were raised and fully litigated, it 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding'"] (quoting <u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979); <u>see</u> <u>also</u> <u>Davis v. Dallas Area Rapid Transit</u>, 383 F.3d 309, 314 (4th Cir. 2004) [finding that <u>res</u> <u>judicata</u> barred claims in plaintiffs' subsequent litigation because they were based on conduct that predated the filing of their lawsuit, and thus, could have been included in the earlier lawsuit].

### <u>Conclusion</u>

Based on the foregoing discussion and analysis, it is recommended that the Defendants' motion to dismiss be **granted**, and that this case be **dismissed**, with prejudice, as being barred from consideration by this Court by the doctrine of <u>res</u> <u>judicata</u> and claim preclusion.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 22, 2008

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

