IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Billy Dewey McKinnon, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 3:07-3901-JFA-BM |
| v. | ) | |
| | ) | |
| SC Department of Health and Environmental Control, Mr. Quinton Epps, Ms. Rheta Gheddings, Mr. Earl Hunter, | ) ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation dated April 22, 2008 ("the report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is a *pro se* action pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq*. In the complaint filed on December 5, 2007, plaintiff asserts a claim for back wages pursuant to the FLSA and the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-50, *et. seq*. On January 16, 2008, defendants filed a motion to dismiss pursuant to Rules 12(b)(1), (2), (5) and (6) of the Federal Rules of Civil Procedure on grounds of *res judicata* and claim preclusion. Because this case involves a *pro se* plaintiff, the magistrate judge entered a *Roseboro* order on January 17, 2008, advising plaintiff of the importance of a motion to dismiss and the need to file an adequate response. Plaintiff filed numerous affidavits in response to the motion to dismiss.

On April 22, 2008, the magistrate judge entered a report recommending that defendants' motion to dismiss be granted and that plaintiff's case be dismissed with prejudice as barred by the doctrines of *res judicata* and claim preclusion. On May 8, 2008, plaintiff filed objections to the magistrate's report.

In the report, the magistrate recommends that defendants' motion to dismiss be granted on *res judicata* grounds because plaintiff's FLSA claim was dismissed with prejudice in a voluntary stipulation of dismissal filed in state court on February 17, 2007. The magistrate further determined that any attempt to litigate other wage disputes against

defendant arising prior to the filing of the state court complaint were barred by the doctrine of claim preclusion.

In his objections to the report, plaintiff states that he is not asking that the same case be relitigated, but rather argues that this case involves the recovery of back wages, which defendant allegedly concedes is owed in the terms of a confidentiality agreement, but without having to sign a confidentiality agreement that allegedly was not part of an original settlement agreement.[1] However, recasting this case as one to enforce the terms of an alleged settlement agreement concerning a state court action does not affect the determination of whether the doctrines of *res judicata* and claim preclusion bars this court from considering plaintiff's FLSA claim.

Plaintiff also notes that the magistrate's report omitted references to certain affidavits filed on the docket. One affidavit was filed on February 27, 2008, concerning an allegedly unfair reprimand and order to take two days of unpaid leave on March 29-30, 2005. The second affidavit was filed on March 17, 2008, and addressed an allegedly forged 2003-04 personnel evaluation dated April 12, 2004. These affidavits, however, concerns wage disputes that took place prior to plaintiff's filing of the complaint in state court, and thus are barred by the doctrine of claim preclusion as discussed in the magistrate's report.

---

[1] In their motion, defendants allege that plaintiff's state law claim for wages remains in state court, but the case was removed from the docket after the parties informed the state court that a settlement had been reached in the case. The court assumes that this alleged settlement agreement is the subject of plaintiff's objection concerning the confidentiality agreement.

3

Plaintiff also states that the report incorrectly lists August 19, 2005, rather than August 21, 2005, as plaintiff's last day of employment with defendant DHEC. This additional information does not effect the court's review of the applicability of the doctrines of *res judicata* and claim preclusion to this case.

In light of the standard set out above, after reviewing *de novo* the law, the report and recommendation of the magistrate judge, and plaintiff's objections thereto, the court is of the opinion that further oral argument would not aid in the decisional process and that the recommendation of the magistrate judge to grant defendants' motion to dismiss should not be disturbed. Therefore, plaintiff's objections are overruled, and plaintiff's case against defendants is dismissed with prejudice.

For the foregoing reasons, the report and recommendation of the magistrate judge is incorporated herein by reference, and the defendants' motion to dismiss is granted.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 13, 2008                                                    Judge Joseph F. Anderson, Jr.
Columbia, South Carolina                                        United States District Judge